## HATCHER v. NOEL.*

### No. 5418.

Court of Appeal of Louisiana. Second Circuit.

Feb. 5, 1937.

Dickson & Denny, of Shreveport, for appellant.

Wm. H. Cook, of Shreveport, for appellee.

DREW, Judge.

This is a suit on a promissory note against one of the makers. The signature of the defendant is admitted and the only question involved is a credit of $300 claimed by defendant and denied by plaintiff.

In the year 1930, defendant and D. P. Batchelor, now deceased, borrowed from plaintiff the sum of $1,500 and executed their promissory note to her to cover said amount. Interest had been paid on said note up to July 1, 1932, and $600 on the principal, at the time of the filing of this suit. After the suit was filed and before trial below, defendant made ten additional payments on the note, amounting to $375, all of which is admitted by plaintiff.

The claim for a credit of $300 made by defendant arose as follows: On May 8, 1931, plaintiff addressed a letter to defendant demanding a payment of $500 on the note and threatening suit if same was not made. A few days later, to wit, May 13, 1931, defendant paid to Mr. Batchelor, an in solido maker of the note, the sum of $300 and took a receipt from him which read,—"Received of W. B. Noel $300.00 to pay on Hatcher note of $1,500.00." Batchelor used the money for his own purposes and did not pay it to plaintiff to apply on the note or for any other purpose. After Batchelor had used the money, he told plaintiff that the defendant herein had paid him $300, but had authorized him to use it for a few days, and the note was not to be credited until she received the money. Defendant contends that these facts justify the court in finding that plaintiff consented to Batchelor keeping the money and, that being true, amounted to her making a loan to Batchelor of the money defendant had paid to apply on the note, and that defendant was therefore entitled to credit in that amount.

The evidence does not justify our so holding as no consent was given by plaintiff to Batchelor to make use of the money. He had used it before he notified her that defendant had given it to him, and told her he had used it with defendant's consent. Defendant denies he authorized the use of the money by Batchelor for any other purpose than to pay plaintiff. Plaintiff was not involved in the matter as between the two makers of the note. This defense fails.

Defendant further contends that Batchelor was plaintiff's agent, and when

he received the money from defendant he received it for plaintiff as agent. The only evidence offered to show agency is that plaintiff, some eleven years before execution of the note, had worked in the office of Mr. Batchelor. We see no relevancy in the testimony to the issue raised. The burden was on defendant to prove agency and he has failed to produce any testimony to show agency. We think the defense entirely without merit. The payment of one in solido maker of a note to another in solido maker of a portion of the amount due does not release the one making the payment from his obligation and liability to the holder of the note, unless there is such an agreement between the holder and the maker.

The other defense urged is that he signed the note as an accommodation to Batchelor. If this is good under any circumstances shown here, it passes from the case for the reason defendant testified he received out of the $1,500 borrowed $700 as his part.

The judgment of the lower court is correct and is affirmed, with costs.